STATE of Tennessee, Appellee,

v.

Joe A. FLEECE, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

Dec. 28, 1995.

William C. Gosnell, Memphis, for Appellant.

Charles W. Burson, Attorney General and Reporter, William David Bridgers, Assistant Attorney General, Criminal Justice Division, Nashville, John W. Pierotti, District Attorney General, Lorraine Craig, Asst. Dist. Attorney General, Memphis, for Appellee.

## OPINION

SUMMERS, Judge.

A jury found appellant, Joe A. Fleece, guilty of driving under the influence of an intoxicant (DUI) and reckless driving. The trial judge sentenced appellant to 120 days confinement with all but 80 days suspended on the DUI conviction. As to reckless driving, the judge sentenced appellant to 30 days confinement. Both sentences are to run concurrently. Appellant challenges: (1) the sufficiency of the evidence, (2) his sentence, (3) the trial court's failure to grant a new trial because two jurors were allegedly influenced by improper comments, and (4) the introduction of proof of his restricted license from a prior DUI.

■ Appellant's first three issues are either devoid of merit or waived. First, we find sufficient evidence to sustain the DUI and reckless driving convictions. Secondly, the appellant has waived any argument of improper sentencing due to his inadequate briefing of the issue. *See* Tenn.R.Ct.Crim. App., Rule 10(b). Appellant's third issue, regarding two jurors who supposedly heard improper qualification instructions by another judge prior to their service, is devoid of merit. The appellant has failed to show what the instructions were and whether the two jurors actually heard them. The two jurors were voir dired at appellant's trial and the record does not reveal any evidence of prejudice.

■ We find merit, however, to appellant's last assignment of error. We hold that the trial court improperly permitted the jury to hear evidence of appellant's restricted license. We, therefore, reverse and remand for a new trial on all charges consistent with this opinion.

Appellant was charged with DUI and reckless driving. At trial, the state introduced evidence of appellant's restricted license. Appellant argues that he was not charged with driving on a restricted license and, therefore, introduction of such evidence "was merely a back-door way of getting information to the jury that there was a prior DUI."

The state initially sought to introduce evidence of appellant's restricted license during direct examination of officer Berryman.

Q. Now, you stated that you asked him for his license. Did he produce a license for you?

A. Yes, ma'am, he did.

Q. Did you run a check on that license?

A. Yes, ma'am, I did.

Q. Was it valid?

A. It was valid, but had restrictions on it.

Q. Do you recall what those restrictions were?

A. To and from work.

An objection was made and sustained on grounds of irrelevance.

Appellant testified at trial. He stated that on the night of his arrest he had been at his father's house repairing a work vehicle. He confessed to having drunk three beers over a period of three hours and fifteen minutes. Appellant maintained, however, that he was not intoxicated and his driving was unimpaired. In support of his contention, appellant stated that he had seen the police officer parked down the street prior to leaving and would not have driven in front of the officer had he felt that his driving was impaired. Appellant also stated that had he been drunk, he could have walked home because his house was only nine houses down from his father's.

On cross-examination of the appellant, the state attempted to introduce evidence of appellant's restricted license as rebuttal evidence.

Q. Mr. Fleece, it's not true you saw that officer out there; is it?

A. Yes, ma'am.

Q. It is?

A. Yes, ma'am.

Q. Now, Mr Fleece you wouldn't have driven a car at 8:00 o'clock at night if you saw a police officer; would you? Would you have, Mr. Fleece?

A. Yes, ma'am.

Q. Well, isn't it true that you only were allowed to drive between the hours of 6:00 a.m. and 6:00 p.m.?

Objection was made and overruled. The state then proceeded to incessantly question appellant concerning the time restrictions on his license. Over six pages of the trial transcript are consumed by this interrogation.

At the conclusion of the appellant's proof, the state called an employee of the criminal court clerk's office to testify concerning appellant's restricted license. Apparently, during examination of this witness, appellant's prior DUI jacket was waved around and passed back and forth to the witness. The witness testified that "as part of the file, which is part of the general sessions record," there was a restrictive license order signed by a judge.

The state argues that evidence of the restricted license did not suggest "in any way that the defendant had previously been convicted of [DUI]." The state notes that: (1) the restrictions could have been the result of physical disabilities rather than from a DUI conviction, and (2) the evidence was relevant in challenging the appellant's veracity in testifying that he had seen the police and would not have driven had he been intoxicated. We disagree.

We find no relevant purpose for introducing this evidence during the state's proof. Appellant was not charged with violation of a restricted license. Therefore, the evidence's sole relevance was raising an impermissible inference of a prior DUI conviction. The state, however, would have us find that the jury could have surmised that appellant's license was merely restricted due to physical disabilities. This logic is fundamentally unsound and severely undermined by the state's repeated references during trial that Judge Dwyer, the General Sessions judge, entered the order restricting appellant's license. Equally disconcerting is the prosecution's conduct, brought out during the motion for new trial hearing, of waving the appellant's jacket from his prior DUI case, in front of the jury, while questioning appellant concerning his restricted license.

We also question this evidence's relevance as rebuttal evidence. The substance of appellant's defense was that he would not have knowingly driven by a police officer while intoxicated. Driving under the influence was the issue with which the jury was confronted. It was irrelevant whether appellant would have knowingly violated his time restrictions. Therefore, whether the appellant would have knowingly driven by the police officer outside the time parameters of his restricted license does not rebut appellant's contention that he would not have purposely driven by a police

officer while knowing his driving was impaired.

 Tenn.R.Evid., Rule 404(b) establishes the procedure in determining the admissibility of evidence of other crimes. The trial court must: (1) upon request hold a hearing outside the jury's presence; (2) find that a material issue exists other than the defendant's propensity for conduct in conformity with the prior bad act; and (3) exclude the evidence if its probative value is outweighed by the danger of its unfair prejudice. *State v. Nichols*, 877 S.W.2d 722, 732 (Tenn.1994); Tenn.R.Evid., Rule 404(b). Only in exceptional cases will evidence of other crimes be relevant to issues other than an accused's character. *State v. Luellen*, 867 S.W.2d 736, 740 (Tenn.Crim.App.1993). Evidence of other crimes may be admissible to show identity, intent, motive, opportunity, or rebuttal of mistake or accident. *Id.* Relevant evidence, however, must be excluded if the unfair prejudice outweighs the probative value or is dangerously close to tipping the scales. *Id.*

We find that the prosecution's conduct crossed the line and gave rise to the impermissible inference that appellant had a previous DUI conviction. The probative value of this evidence is outweighed by the danger of its unfair prejudice. When the state was permitted to raise such a strong inference of a prior DUI conviction, appellant's chance of receiving a fair trial became remote. *See Luellen*, 867 S.W.2d at 741 (citing U.S. CONST., AMEND. V and XIV; TENN. CONST., ART. I §§ 6 and 8).

**REVERSED AND REMANDED.**

WELLES and BARKER, JJ., concur.